IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL HALL, #B-40832, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-633-JPG |
| ) | |
| MR. THOMAS, SGT. PICKLER, C/O ) | |
| REYNOLDS and SGT BEST, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, Michael Hall, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, arising out of an incident that occurred while Plaintiff was housed in the Menard Correctional Center. Plaintiff is serving an 18-year sentence for home invasion. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

**The Complaint**

Plaintiff claims that on May 26, 2010, he was taken to internal affairs, where Defendant Thomas warned him about cursing or making threats against correctional officers. Plaintiff did not receive a disciplinary ticket. Plaintiff then contends that Defendant Thomas, along with Defendants Pickler and Reynolds, conspired to punish Plaintiff by placing him in a cell that lacked adequate ventilation, had a sewage backup, was excessively hot (over 100 degrees), and had peeling paint that fell into Plaintiff's food and onto his face. Plaintiff spent 28 days in this cell, despite his repeated pleas to Defendant Best to move him to a different cell. Defendant Best refused to move Plaintiff.

Plaintiff claims he filed a grievance over the inadequate cell conditions, but that it was ignored, and is now missing.

Plaintiff seeks compensatory damages of $28,000, and asks the Court to order IDOC to fire all of the Defendants.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Conspiracy**

Civil conspiracy claims are cognizable under Section 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under Section 1983). "[I]t is enough in pleading a conspiracy to indicate the parties, general purpose, and approximate date." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).

Plaintiff has named the parties to the conspiracy and the approximate date. Giving liberal construction to Plaintiff's complaint, he alleges these Defendants conspired to impose punishment upon him either for cursing and threatening guards, or to deter him from such behavior, by confining him in an unsanitary and excessively hot cell lacking adequate ventilation. He states that Defendants took this punitive action without issuing Plaintiff any disciplinary ticket. Based on these allegations, the conspiracy claim against Defendants Thomas, Pickler and Reynolds cannot be dismissed at this stage.

**Count 2 - Inhumane Cell Conditions**

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *See also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th

Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22. It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

Unsanitary conditions including exposure to sewage and its odors have been found to state a claim under the Eighth Amendment. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Jackson v. Duckworth*, 955 F.2d at 22 (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate

plumbing, roaches, rodents, the constant smell of human waste, . . . [and] unfit water to drink[.]"); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls); *see also, DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hours with no working toilet, flooded cell and exposure to human waste as well as the odor of accumulated urine, stated Eighth Amendment claim).

The duration of Plaintiff's confinement in the cell for 28 days with sewage backing up and inadequate ventilation, combined with the excessive heat over 100 degrees and peeling paint that fell on him and contaminated his food, supports Plaintiff's contention that these conditions posed a threat to his health and safety. These allegations are sufficient at this stage of the litigation to state a claim for cruel and unusual punishment. *See Robinson v. Illinois State Correctional Center (Stateville) Warden*, 890 F. Supp. 715, 719-20 (N.D. Ill. 1995) (allegations that inadequate ventilation, heating and cooling posed a health risk stated Eighth Amendment claim); *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1998) (claim that stale air in cell was saturated with fumes of feces, urine and vomit precluded summary judgment); *Munson v. Hulick*, No. 10-cv-52-JPG, 2010 WL 2698279 (S.D. Ill. July 7, 2010) (inmate stated constitutional claim for conditions at Menard Correctional Center including food contaminated with paint chips, inadequate ventilation and overheated cell).

In addition to pleading objectively unsanitary conditions, Plaintiff has alleged deliberate indifference on the part of Defendants. He states that Defendants Thomas, Pickler and Reynolds knew about the bad conditions in the cell before they placed Plaintiff there, and Defendant Best was aware of these conditions because of Plaintiff's repeated complaints and requests to be moved. Therefore, Plaintiff's claim cannot be dismissed at this stage.

**Disposition**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **THOMAS, PICKLER, REYNOLDS** and **BEST**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   March 11, 2011**

    *s/J. Phil Gilbert*
**United States District Judge**