IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL HALL,

    Plaintiff,

vs.

MR. THOMAS, *et al.*,

    Defendants.

Case No. 10-cv-633-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion for status report (Doc. 62). Plaintiff's motion contains a copy of a document he sent to the United States Court of Appeals for the Seventh Circuit. That document was returned to plaintiff with a form letter notifying plaintiff that the Court was unable to find a case on file. Within plaintiff's correspondence to the Court of Appeals he seems to complain that in case number 10-cv-214-MJR the Court found that defendants failed to prove plaintiff had failed to exhaust his administrative remedies, while the Court came to the opposite conclusion in 10-cv-633-JPG. In keeping with the Court's duty to liberally construe *pro se* pleadings, the Court will construe plaintiff's motion as a motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b).

    The Court may reconsider a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   Of these reasons, the Court infers that plaintiff believes there must be a mistake because this Court found that defendants carried their burden in showing that plaintiff

failed to exhaust his administrative remedies. (Docs. 55 & 58). However, another Court within the Southern District of Illinois found that defendants failed to carry their burden in showing that plaintiff failed to exhaust his administrative remedies. *See Hall v. Illinois Dep't of Corrs.*, Case No. 10-cv-214-MJR, Doc. 67. Case Number 10-cv-214 involves plaintiff's claim that defendants interfered with and destroyed his outgoing mail in violation of the First and Fourteenth Amendments. Plaintiff's complaint in the case before this Court stems from plaintiff's allegations that defendants placed him in an undesirable cell as punishment and those actions were racially motivated. Accordingly, it is plausible that plaintiff exhausted his administrative remedies with respect to the claims in Case Number 10-cv-214-MJR, but failed to exhaust his administrative remedies in the instant case. It is further plausible that defendants in 10-cv-214-MJR failed to meet their burden, while the defendants in the present case met their burden in establishing that plaintiff failed to exhaust his administrative remedies with respect to the instant claim. Plaintiff has failed to point to any specific reason why the Court made a mistake in the instant case other than he believes it is inconsistent with the ruling in Case No. 10-cv-214-MJR, involving a completely different claim.

Accordingly, the Court **DENIES** plaintiff's motion to reconsider (Doc. 62).

**IT IS SO ORDERED.**

**DATED:** October 23, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
